**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

WESTERN MASSACHUSETTS
ELECTRIC COMPANY
d/b/a
EVERSOURCE ENERGY,

      PLAINTIFF,

                              CIVIL ACTION NO. 15CV30184

v.

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, LOCAL 455,

      DEFENDANT.

**WESTERN MASSACHUSETTS ELECTRIC COMPANY'S**
**PETITION TO VACATE ARBITRATION AWARD**

**INTRODUCTION**

1. This is an action brought by Western Massachusetts Electric Company ("Plaintiff" or "WMECO") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to vacate an arbitrator's award, in which the arbitrator issued in excess of the authority granted to her in the collective bargaining agreement in effect between Plaintiff and the International Brotherhood of Electrical Workers (IBEW), Local Union No. 455 ("Defendant" or "Local 455").  Hereinafter, Plaintiff and Defendant shall be referred to collectively as the "Parties."

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (hereinafter referred to as "Section 301") and the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA").

3. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 because the subject matter of the grievance to which the arbitration award relates arose at Plaintiff's facilities in Massachusetts where Defendant represents certain employees. Additionally, the arbitration award in dispute was issued in Massachusetts.

## PARTIES

4. Plaintiff is a public utility organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts. Plaintiff's address is 300 Cadwell Drive, Springfield, Massachusetts 01104. Plaintiff is currently, and was at all time pertinent hereto, doing business within the jurisdiction of this Court. Plaintiff is an employer in an industry affecting commerce within the meaning of Section 301.

5. Defendant is an unincorporated labor organization within the meaning of Section 301 and represents employees in an industry affecting commerce. Defendant maintains its principal office at 474 Page Boulevard in Springfield, Massachusetts 01104 and is the authorized bargaining representative for certain specified employees at the Plaintiff's facilities in Massachusetts.

## BASIS FOR PETITION

6. For a number of years, the Parties have regularly entered into collective bargaining agreements that sets forth the terms and conditions of employment for certain employees of the Plaintiff in bargaining units represented by the Defendant. A true and accurate copy of the Collective Bargaining Agreement effective September 1, 2010 to October 1, 2016 pursuant to which the arbitration award in dispute was issued is attached hereto as Exhibit A and hereinafter referred to as the "Agreement."

7. Section XVI of the Agreement (see Exhibit A, page 51) provides for a four-step grievance procedure (culminating in arbitration) that the Parties must follow to resolve disputes between them over "the interpretation or application of any of the provisions of the Agreement …."

8. Page 54 of the Agreement (see Exhibit A) provides that "the impartial arbitrator shall render a decision on any decision on any difference, dispute or grievance on the basis of the evidence, that data and the facts properly placed before the (arbitrator) regarding such difference, dispute or grievance" and "except as specifically provided herein this agreement shall not be changed or added to by arbitration and all award shall be consistent with the terms hereof."  This language does not provide for advisory opinions on matters that have not been submitted via the grievance procedure within the Agreement.

9. On or about, February 12, 2013, Local 455 filed a grievance ("Grievance") alleging that WMECO had violated the Agreement and the Massachusetts Restructuring Act. Massachusetts General Laws Chapter 164 § 1E, by not maintaining the benchmark number of 206 employees.  The Grievance is attached hereto as "Exhibit B".  The only remedy sought by Local 455's grievance was to immediately fill the open positions.

10. On March 14 and 24, 2014, the Parties held arbitration hearings before Marcia L. Greenbaum, an arbitrator mutually selected by the Parties through the American Arbitration Association (AAA) (the "Arbitrator"), regarding the Grievance, which were recorded by a stenographer and reduced to hearing transcripts. The March 14

and March 24 hearing transcripts are attached hereto as "Exhibit C" and "Exhibit D", respectively.

11. On or about June 9, 2014, the Arbitrator issued an award (the "Initial Award") finding that WMECO had violated the Agreement by not maintaining a benchmark number of 206 bargaining unit employees. The Initial Award is attached hereto as "Exhibit E." The Initial Award noted that the usual complement of countable bargaining unit employees as part of the benchmark are jobs that are filled and those that are about to be filled in a short period of time so the complement achieves 206 bargaining unit employees, "e.g. posted positions."

12. The Initial Award provided that WMECO shall:

    a. Cease and desist from violating the Collective Bargaining Agreement;

    b. Employ and seek to maintain a bargaining unit workforce of at least 206 countable bargaining unit employees on its employment rolls;

    c. Act quickly to go through the approval process, fill vacancies that may currently exist, and report to the Union and the arbitration when the position was placed in the system, when it was approved, when it was posted and when it was filled with the Company to so report on or before July 15, 2014;

    d. Budget and appropriate sufficient funds to employ and seek to maintain a bargaining unit workforce of at least 206 countable bargaining employees and provide the Union with the necessary business documents to establish that it has done so;

    e. Timely fill all bargaining unit vacancies by adhering to the Job Posting Program in Section 22 of the Collective Bargaining Agreement, by speeding up the approval process so that it does not take months to post a position or, when proper, by hiring outside applicants; and

    f. The Arbitrator retained jurisdiction over the matter of remedy to oversee the terms of her Initial Award.

13. On or about August 1, 2014, the Arbitrator issued her first remedy award (the "1st Remedy Award") that amended the Initial Award by requiring WMECO to comply

with additional reporting requirements by submitting reports in September 2014 and October 2014. The 1st Remedy Award is attached hereto as "Exhibit F." The Arbitrator also required the Company to submit sworn affidavits to confirm that the 206 positions continued to be budgeted for by WMECO.

14. On January 31, 2015, the Arbitrator issued a supplemental remedy award (the "2nd Remedy Award") in which she directed the parties to attempt to reach a settlement regarding the final remedy to be issued. The 2nd Remedy Award is attached hereto as "Exhibit G."

15. The 2nd Remedy Award specifically noted that:

… the Union has requested the award of a monetary remedy to those who have been doing the work in the classifications, which are still below a full complement. I note that monetary remedies in labor arbitration are compensatory or make whole remedies, and not punitive. Thus, in order to be awarded there must be showing that they have lost something and need to be made whole. There is little, if any, evidence of what pay, if any, these employees have lost, and little evidence of whether or not they have been "overworked" because of understaffing and the assignment of more work.

16. The Parties were unable to come to a resolution on remedy and subsequently held a one-day hearing on July 1, 2015, which was recorded by a stenographer and reduced to a hearing transcript. The July 1, 2015 hearing transcript is attached hereto as "Exhibit H."

17. At the July 1, 2015 hearing, Local 455 did not present any evidence of harm to bargaining unit employees.

18. On or about September 28, 2015, the Arbitrator issued a subsequent remedy award (the "3rd Remedy award"). The 3rd Remedy Award, dated September 21, 2015, is attached hereto as "Exhibit I."

5

19. In the 3rd Remedy Award, the Arbitrator awarded the following:

   a. Beginning with the first pay period of January 2015, WMECO must pay to the employees in the classifications that are understaffed – that are below the employment level these classifications would be as if the WMECO were meeting its obligation to maintain 206 active employees on its budgeted payroll – the appropriated money WMECO thereby has not expended since January 1, 2015. WMECO must provide Local 455 with the financial information necessary to ascertain what had been budgeted, what has been expended in each month and what would have been expended had the benchmark of 206 countable unit employees been in place. The Parties shall calculate the amount of money to be paid to each employee in an understaffed classification, and which employees are to receive the money.

   b. WMECO must pay to Local 455 the additional amount of employee dues the Union would have received since January 1, 2013, had WMECO, on and after that date, met its obligation to employ and maintain a bargaining unit workforce of at least 206 countable bargaining unit employees on its employment rolls, an amount that as of May, 2015 is $31,663.28. Such payments shall continue after May for each month until the benchmark of 206 has been reached.

   c. Local 455's request to disburse to Local 455 arbitration costs – e.g. the Arbitrator's fees, the expenses for the hearing room and transcript for the July 1, 2015 hearing, etc. – which Local 455 had expended since June 9, 2014 was denied.

   d. Local 455's request to recompense the additional amount of its own internal costs - its Union attorney's fees, lost time" paid to employee participants in this ongoing proceeding, etc. - Local 455 has expended in this proceeding since the initial arbitration award on June 9, 2014, was denied unless the award of lost union dues is overturned, in which event this request for attorney's fees will be substituted.

   e. Pay the affected employees differential pay as set forth above.

   f. Interest on the foregoing amounts were not awarded provided WMECO pays the monies due by November 1, 2015. If monies are not paid by that date, they shall begin to accumulate interest from the date of this award forward to the date paid at the state interest rate currently in effect. This shall not apply to sums which become payable after the issuance of this award, e.g., union dues payable after July 1, 2015 until there are 206 active benchmark employees.

   g. The Arbitrator retained jurisdiction until the matter has been finally resolved.

20. In the 3rd Remedy Award, the Arbitrator exceeded her authority by issuing remedies not requested in the Grievance, including but not limited to awards regarding union dues, attorneys' fees, differential pay and interest.

6

21. In the 3rd Remedy award, the Arbitrator exceeded her authority by issuing an award beyond the jurisdiction afforded to her by the Parties by the Agreement.

22. In the 3rd Remedy Award, the Arbitrator exceeded her authority by issuing an award retaining control over WMECO's budgeting and appropriation process.

23. In the 3rd Remedy Award, the Arbitrator exceeded her authority by issuing an award not based on evidence, facts or data submitted.

24. By issuing her 3rd Remedy Award providing for attorneys' fees upon certain circumstances, the Arbitrator exceeded her powers by changing and/or adding to the Agreement and/or issuing an award contravening the plain language of the Agreement.

25. In the 3rd Remedy Award, the Arbitrator issued an award based on reasoning so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling.

26. In the 3rd Remedy Award, the Arbitrator issued an award contrary to the applicable law regarding unjust enrichment.

27. In the 3rd Remedy Award, the Arbitrator issued an award contrary to federal labor law by establishing compensation for bargaining unit members beyond what had been negotiated by the Parties as set forth in the Agreement.

28. In the 3rd Remedy Award and preceding Remedy Awards, the Arbitrator exceeded her jurisdiction and authority by issuing supplemental awards beyond the Initial Award, which is contrary to the doctrine of *functus officio*.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter an order vacating the remedy articulated in the Award and all subsequent Remedy Awards;

2. Enter an order enjoining Defendant from taking any action to enforce the remedy in the Award and all subsequent Remedy Awards;

3. In the alternative, enter an order modifying the Award and all subsequent Remedy Awards to conform to the requirements of the Agreement and applicable law; and

4. Grant Plaintiff such other and further relief the Court deems just and proper.

Respectfully Submitted,

**WESTERN MASSACHUSETTS ELECTIC COMPANY d/b/a EVERSOURCE ENERGY**

By its attorneys,

| | |
|---|---|
| */s/ James M. Pender* | */s/ Ronald S. Allen* |
| James M. Pender (BBO # 635762) | Ronald S. Allen (BBO # 662745) |
| Keith H. McCown (BBO # 329980) | Senior Counsel |
| **MORGAN, BROWN & JOY, LLP** | **EVERSOURCE ENERGY** |
| 200 State Street, 11th Floor | Legal Department |
| Boston, MA 02109 | 107 Selden Street |
| Tel: (617) 523-6666 | Berlin, CT 06037 |
| Fax: (617) 367-3125 | Tel: (781) 441-3871 |
| jpender@morganbrown.com | Fax: (860) 665-5504 |
| kmccown@morganbrown.com | ronald.allen@eversource.com |

Dated: October 22, 2015